**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

14

15

16

17

18

19

| | |
|---|---|
| NELSON MUAN, | ) Case No.: CV13-331 PSG |
| Plaintiffs, | ) **ORDER DENYING DEFENDANTS'** <br> ) **MOTION TO DISMISS** |
| v. | ) |
| NORA VITUG and BENEDICT VITUG, <br> individually and dba NORBEL'S RCH, | ) **(Re: Docket Nos. 4)** <br> ) |
| Defendants. | ) |

20

21

22

23

24

25

26

27

28

     In this wage and hour case, Defendants Nora Vitug and Benedict Vitug, individually and

dba Norbel's RCH ("Defendants") move to dismiss the complaint.[1]  Plaintiff Nelson Muan

("Muan") opposes, maintaining that the complaint is sufficient.  The court took the matter under

submission without oral argument pursuant to 7-1(b).  Having reviewed the papers, and considered

the arguments and evidence presented, the court DENIES Defendants' motion.

---

[1] Although Defendants style this motion as "Plaintiff's Motion for Leave to Amend Complaint,"
the substance of the motion appears to be that of a motion to dismiss.

1

Case No.: CV 13-331 PSG
ORDER DENYING MOTION TO DISMISS

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   BACKGROUND

Except where otherwise noted, the court draws the following facts, taken as true for the

purposes of a motion to dismiss, from Muan's complaint.[2]

Defendants have operated a care house for mentally disabled adults in Santa Clara,

California.  Muan was employed by Defendants as a member of the direct care staff.  Muan worked

for Defendants over the 3-year statute of limitations period preceding the filing of his complaint on

January 24, 2013.

Although Muan often worked more than 8 hours a day or 40 hours a week, Defendants did

not pay him overtime pay as required by the California Labor Code and Federal Fair Labor

Standards Act ("FLSA").[3]  In particular, after completing his daily 8-hour shift, Muan was required

to come back to Defendants' care home every weeknight to care for residents until his shift started

again the next morning.  He was not paid for any of the hours between his shifts.  During his

employment with Defendants, Muan also was not provided the required 10-minute rest breaks

every 4-hour period, nor was he provided 30-minute meal breaks for each shift exceeding 6 hours.

Muan was eventually terminated, but was not provided with unpaid regular and overtime

wages at the time of termination.

On January 24, 2013, Muan filed this action, alleging: (1) failure to pay minimum wage and

overtime under the FLSA;[4] (2) failure to pay minimum wage and overtime in violation of

California Labor Code;[5] (3) waiting time penalties under California Labor Code;[6] (4) failure to

---

[2] *See* Docket No. 1.

[3] 29 U.S.C. §§ 201 *et. seq.*

[4] *See* 29 U.S.C. §§ 207, 216(b), 255(a).

[5] *See* Cal. Labor Code §§ 510, 1194.

[6] *See* Cal. Labor Code § 203.

2

Case No.: CV 13-331 PSG
ORDER DENYING MOTION TO DISMISS

provide accurate wage stubs;[7] (5) failure to provide meal and rest breaks;[8] and engaging in unfair competition.[9]

## II.     LEGAL STANDARDS

A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the… claim is and the grounds upon which it rests."[10]  If a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[11]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

While the court is required to accept the factual allegations of the complaint as true, "courts are not bound to accept as true a legal conclusion couched as a factual allegation."[13]  The plaintiff need not at this stage provide "detailed factual allegations," but a pleading that merely offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."[14]

## III.     DISCUSSION

The thrust of Defendants' motion to dismiss is that Muan has not alleged facts with sufficient specificity as required by *Twombly* and *Iqbal.* It can only be described as ironic that

---

[7] Cal. Labor Code § 226.

[8] Cal. Labor Code § 226.7

[9] Cal. Bus. & Prof. Code §§ 17200 *et. seq.*

[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

[11] *Id.* at 570.

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[13] *Twombly*, 550 U.S. at 555.

[14] *Iqbal*, 556 U.S. at 678.

**United States District Court**
For the Northern District of California

3

Case No.: CV 13-331 PSG
ORDER DENYING MOTION TO DISMISS

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants argument against Muan's second claim is summarized with the one-line, bare-faced assertion – "This is insufficient to satisfy *Iqbal*." Defendants' motion itself would hardly meet the pleading requirements it invokes, much less convince the reader that dismissal is warranted.

One of the few arguments presented by Defendants is that Muan failed to allege facts such as the dates he worked, the hours worked, and how much he should have been paid. Under the FLSA, however, the plaintiff is only required to show that he worked longer than 40 hours in a workweek and did not receive compensation at a rate of 1.5 times his regular rate.[15] Accordingly, while Defendants point to cases in other districts rejecting analogous claims as ambiguous, this district's precedents make clear that Muan need only allege that he was employed by Defendants, he worked more than 40 hours in a week, and he did not receive compensation in excess of the 40 hours.[16] Muan has done so. In support of his FLSA claim, Muan alleges that while he was employed at Defendants' care home for the three years preceding the filing of his complaint, he was required to stay overnight to take care of the residents. As a result, he regularly worked more than 40 hours, but was never compensated for overtime. These are not legal conclusions; Muan does not conclusorily assert that his employer failed to pay him overtime. He has alleged facts that, if proven to be true, would necessarily establish liability.

Contrary to Defendants' assertion, nothing requires Muan to specifically plead the dates and times when he worked overtime. Defendants urge that specific dates are necessary to give notice of the claims alleged, but as Muan correctly points out in his complaint, it is the employer's duty under the law to maintain adequate employment records and publish these to the employee.[17]

---

[15] *See* 29 U.S.C. § 207(a)(1).

[16] *See, e.g., Acho v. Cort*, Case No. 09-00157 MHP, 2009 WL 3562472, at *2 (N.D. Cal. Oct. 27, 2009).

[17] *See* Cal. Labor Code § 226 ("Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

4

Case No.: CV 13-331 PSG
ORDER DENYING MOTION TO DISMISS

1   Defendants could therefore consult their employment records to confirm when the plaintiff worked.

2   To require the plaintiff to allege specific dates would shift the burden to maintain records onto the

3   employee and would hold the plaintiffs to a much higher standard than the one required by

4   *Twombly* and *Iqbal,* which merely require that the plaintiff to allege facts "nudg[ing] their claims

5   across the line from conceivable to plausible."[18]  It would be unfair to require Muan to provide in

6   his complaint a detailed employment record when the law clearly requires the employer, not the

7   employee, to maintain such a log.

8   Muan also is not required to allege more in support of his claims against Defendants for

9   failing to pay minimum wage, incurring waiting time penalties, and engaging in unfair competition.

10  The complaint lays out facts showing Muan was not paid the minimum wage, he did not receive all

11  unpaid compensation at the termination of his employment, and at the time the complaint was filed

12  he still had not been paid.  Defendants cite no authority, and there is nothing in the statutes, that

13  requires Muan to allege he made a demand for his wages, state the amounts he was underpaid, or

14  allege when he was terminated.

### IV.   CONCLUSION

Defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated: May 31, 2013

PAUL S. GREWAL
United States Magistrate Judge

worked by the employee…").  Muan brings a claim against Defendants for failure to provide accurate pay stubs and records under this statute, but that claim is not challenged specifically in Defendants' motion to dismiss.

[18] *Twombly*, 550 U.S. at 547.

5

Case No.: CV 13-331 PSG
ORDER DENYING MOTION TO DISMISS

United States District Court
For the Northern District of California