UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NELSON MUAN,<br><br>    Plaintiff,<br>v.<br><br>NORA VITUG and BENEDIT VITUG, individually and together d/b/a/ Norbel's Care Home,<br><br>    Defendants. | Case No. 5:13-cv-00331-PSG<br><br>**ORDER SETTING REASONABLE ATTORNEY'S FEES AND COSTS**<br><br>**(Re: Docket No. 60)** |

The court has before it a motion to determine reasonable attorney's fees and costs. On April 24, 2014, this court issued findings of fact and conclusions of law in this matter, which granted Plaintiff Nelson Muan the right to recover these amounts.[1] The appropriateness of this award in and of itself is not in dispute, so all the court is asked to decide is the amount.

Section 216(b) of the Fair Labor Standards Act provides that when an employee brings a successful suit against his or her employer, the court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."[2] The Supreme Court set forth the legal standard for the reasonableness of such fees in

---

[1] *See* Docket No. 55.

[2] 29 U.S.C. § 216.

1
Case No. 5:13-cv-00331-PSG
ORDER SETTING REASONABLE ATTORNEY'S FEES AND COSTS

*Hensley v. Eckerhart.*[3]  *Hensley* teaches that the "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. . . . The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly."[4]

Defendants Nora and Benedict Vitug raise five basic challenges to Muan's requested fees. First, they argue that there is insufficient evidence to support the six hours billed by Phong Truong for attending a meeting with several other attorneys and Muan himself.[5]  The court agrees.  That time will be struck, and the fees requested reduced by $1350 to reflect that adjustment.

Second, Defendants claim that all time billed by Huy Tran before the firm's use of its "toggle system" for tracking time should be struck because it was not contemporaneously recorded.[6]  Yet Defendants neither challenge the reasonableness of the fees requested nor present any case law establishing that contemporaneous recordkeeping is per se unreasonable.  As reasonableness is the relevant standard, the request to strike all of Tran's time before the use of the toggle system is denied.

Third, Defendants contend that Tran is not entitled to charge an attorney's hourly rate for work that could have been performed by a paralegal during the "Revise Audit."[7]  At the hearing on this matter, Tran explained that he performed the work because it was more efficient than bringing a different person up to speed with the facts of the case and having them complete the task.   That may be so, but a concern for efficiency does not transform the work of a paralegal into the work of

---

[3] 461 U.S. 424 (1983)

[4] *Id.* at 433.

[5] *See* Docket No. 67 at 1

[6] *See id.* at 2

[7] *See id.*

an attorney.  Defendants are correct that the time in question is "best valued at $90 an hour."[8]  The attorney fees requested will be reduced by $1552.50.

Fourth, Defendants simply assert that the court should strike the ten hours Tran spent researching meal and rest break claims.[9]  They provide no reason for this request, which seeks to exclude time spent on researching some questions on which Plaintiffs eventually prevailed.[10]  The request is denied.

Fifth and finally, Defendants seek to exclude all fees billed by Betty Duong because it was not contemporaneously recorded, duplicative and, in some instances, excessive in light of the tasks required.[11]  As described above, failure to contemporaneously record time is not a bar to compensation for that time.  The court also is disinclined to hold that, as a matter of law, it is unreasonably duplicative to have two attorneys at mediation sessions, depositions, meetings, and trial; often, there are numerous moving pieces at each of these events, such that having two attorneys present is more or less required to follow everything. Lastly, while "an experienced attorney" may have been able to prepare motions in limine more quickly than Duong,[12] the reasonable hourly rate for such an attorney would also be higher than Duong's, such that the final fee calculation may not have been significantly different.  Defendants' request to exclude Duong's fees is denied.

Defendants shall pay Muan a total of $63,484.50 in attorneys' fees and $2,936.50 in costs, resulting in a total of $66,421.00.

---

[8] *Id.*

[9] *See id.*

[10] *See* Docket No. 55 at 11-13.

[11] *See id.* at 2-3.

[12] *See id.* at 3.

3
Case No. 5:13-cv-00331-PSG
ORDER SETTING REASONABLE ATTORNEY'S FEES AND COSTS

**IT IS SO ORDERED.**

Dated:  June 18, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge